### The Hutchinson Furnace and Smoke Consuming Company

### v.

### Will H. Lyford.

*Filed at Ottawa November 11, 1887.*

1. FRAUD AND DECEIT—*misrepresentations by a vendor.* In an action by the purchaser of shares of stock in a corporation, to recover damages, on the ground of fraudulent representations by the president of the company, the alleged misrepresentations must be proved, and the party making them must have been the duly authorized agent of the defendant company, and he must have known the representations to have been false when made, and they must have been such that a man of ordinary prudence would have relied on them, and the plaintiff must have, in fact, relied on them, and been thereby induced to make the purchase.

2. In such a case, an instruction asked by the defendant, to the effect that a vendor has the right to exalt the value of his own property to as high a point as his purchaser's credulity will bear, and mere boastful assertions, or even highly exaggerated descriptions, do not amount to fraudulent representations or deceit in such case, which is not applicable to the facts, may properly be refused.

3. INSTRUCTION—*copying from language of court in its opinion.* It is not a wise practice, on the trial of a case, to select some expression of this court in some other case, and formulate it into an instruction; nor is it error to refuse such an instruction when it is apparent that its language is not applicable to the facts of the case being tried.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Mr. JOHN M. GARTSIDE, for the appellant.

Mr. WILLIAM ARMSTRONG, for the appellee.

Per CURIAM: · This was an action on the case, brought by Will H. Lyford, in the Superior Court of Cook county, against the Hutchinson Furnace and Smoke Consuming Company, to recover damages for fraud in the sale of certain shares of stock by the defendant to Lyford, the purchase of which was in-

duced, as claimed, by false and fraudulent representations made by the president of the defendant corporation. On the trial in the Superior Court the plaintiff recovered a verdict and judgment for $2350, the amount paid for the stock, with interest at the rate of six per cent from the date of payment. The judgment, on appeal, was affirmed in the Appellate Court, and the defendant not being satisfied with the decision, appealed to this court.

Much of the argument is devoted to a discussion of the questions of fact, which was proper enough in the Appellate Court, where the facts might be reviewed; but that branch of the argument has no place here, as, under the statute, we are not at liberty to review controverted questions of fact.

In the argument it is said that there was no evidence that the stock purchased by the plaintiff was tendered back, and the court erred in permitting plaintiff to re-assign the certificates and tender them on the trial. The evidence of appellee on this question has doubtless escaped the attention of counsel, as he testified that he offered to return the stock several times before the commencement of the suit.

No complaint is made in regard to the instructions given by the court on behalf of the plaintiff, but it is claimed that the court erred in refusing defendant's fourth instruction, to the effect that the "vendor has the right to exalt the value of his own property to as high a point as his purchaser's credulity will bear, and mere boastful assertions, or even highly exaggerated descriptions, do not amount to fraudulent representations or deceit in such case." It is true that the language of the instruction may be found in the opinion of the court in *Tuck* v. *Downing*, 76 Ill. 92; but it is not a wise practice, on the trial of a cause, to select some expression of the court from an opinion in a case, and formulate such expression into an instruction to the jury; nor is it error to refuse such an instruction, where it is apparent, as it was here, that the language of the instruction was not applicable to the facts of the case.

The court gave several instructions, at the request of the defendant, which fully informed the jury as to the law involved in the case, on the facts as established by the evidence.

In reference to the real controverted point in the case, (the charge of fraud and misrepresentation,) the jury were fully instructed by defendant's third instruction, in the following language :

"As regards the allegations of fraud and misrepresentations charged in this case by the plaintiff, in his declaration filed in this cause, the court instructs the jury, that to entitle the plaintiff to recover damages in this case the jury must believe, from all the evidence, that the alleged misrepresentations were, in fact, made by the defendant, or some of its duly authorized officers, that such representations were false when made, and that such person or persons making them knew them to be false when made ; and further, the jury must believe, from the evidence, that they were such representations as a man of ordinary prudence would rely upon, and that the plaintiff did, in fact, rely upon such statements, and was induced thereby to purchase the stock in question in this suit, and to execute the contract complained of in this case, and has thereby been damaged, otherwise your verdict must be for the defendant."

Other instructions given on behalf of the defendant were equally clear and explicit. Indeed, the jury were so fully instructed on behalf of the defendant, on each issue in the case, that no necessity whatever existed for the giving of his fourth instruction, conceding, as we may, that it contained a correct proposition of law.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*